IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MAITHAM ABUHINDI,<br><br>    Plaintiff,<br><br>  v.<br><br>TURKISH AIRLINES,<br>GULF AIR,<br><br>    Defendants. | Case No. 22-cv-00034-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART DEFENDANT GULF AIR'S MOTION TO DISMISS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Defendant Gulf Air moves to dismiss Plaintiff Maitham Abuhindi's pro se Complaint on various grounds, including lack of personal jurisdiction.   Because it is clear from the Complaint that personal jurisdiction over Gulf Air has not been alleged, the Court agrees that the Complaint should be dismissed on that ground. However, because Abuhindi is proceeding pro se, the Court will allow leave to amend the Complaint.   Therefore, as more fully explained below, the motion to dismiss, Dkt. No. 8, is GRANTED IN PART.

I.  **Factual Background**

Abuhindi alleges as follows in the Complaint, Dkt. No. 1.   On March 25, 2020, Abuhindi booked two airplane tickets: one from Los Angeles to Istanbul via Turkish Airlines; and one from Istanbul to Bahrain also via Turkish Airlines, but

operated by Gulf Air.   *Id*. at 6.[1]   According to Abuhindi, the first flight was "safely

and appropriately operated."   The second flight, scheduled for March 27, 2020,

however, "was canceled without informing me as a passenger."   Abuhindi tried to

contact Turkish Airlines about the cancellation, but "they didn't care and they didn't

try to solve this issue, they just ignored" Abuhindi.   Abuhindi then contacted Gulf

Air.   Gulf Air said that, although the March 27, 2020 flight had been cancelled, a

new flight was scheduled for March 28, 2020.   That flight too, though, was

cancelled.   Abuhindi contacted Gulf Air again, and it said there would be another

flight on March 29, 2020.   *Id*.   That flight was also cancelled, though, without

informing Abuhindi.   *Id*. at 6-7.[2]   Abuhindi was later told by the Bahraini Embassy

in Istanbul that a flight was scheduled for April 7, 2020.   Gulf Air, however, did not

operate this flight because there were too few passengers.

Abuhindi alleges that, as a result of the flight cancellations, he "had no choice

but to stay in Istanbul…."   *Id*.   Doing so cost him "a lot of money and resulted in

social and emotional disturbances."   *Id*. at 8.   In addition, because Abuhindi

received no resolution of the issues with his flight, he "had to book a private jet" to

Bahrain, which cost $29,484.68.   *Id*.

---

[1]Because the page numbers of the Complaint are not consecutively paginated, the Court cites to the page numbers created by CM/ECF in the top right corner of the document, *i.e*., "Page 6 of 9."
[2]Despite these representations by Gulf Air, Abuhindi alleges that Gulf Air's website reflected flights from Istanbul to Bahrain on each of the days--March 27 through March 29, 2020—that he was told the flights had been cancelled.   Dkt. No. 1 at 6-7.

2

The Complaint further appears to allege that Turkish Airlines is incorporated in California and has a principal place of business in Turkey.  *Id*. at 4.  Gulf Air, meanwhile, is alleged to be incorporated in New York with a principal place of business in Bahrain.  *Id*. at 5.

## II.     Procedural Background

On January 21, 2022, Abuhindi filed the Complaint against Defendants Turkish Airlines and Gulf Air (collectively, Defendants).   In the Complaint, although a cause of action is not specifically identified, Abuhindi requests $10 million from each Defendant.

On February 23, 2022, Gulf Air filed the instant motion to dismiss along with various exhibits, including a declaration from its Acting Chief Executive Officer (Declaration).   Dkt. No. 8.   The motion to dismiss was scheduled for hearing on April 29, 2022, which, pursuant to Local Rule 7.2, meant that an opposition to the same was due on or before April 8, 2022.   Dkt. No. 11.   No response was filed by that deadline, and Gulf Air appears to have declined to file an optional reply. Therefore, on April 18, 2022, the Court vacated the April 29, 2022 hearing and took the motion to dismiss under advisement.   Dkt. No. 15.

On April 28, 2022, however, Abuhindi filed two letters with the Court.   The first purported to provide "support documents" for this case.  Dkt. No. 16.   The

second contained a tardy "opposition" to the motion to dismiss.   Dkt. No. 17.[3]

This Order now follows.[4]

### III.   Legal Standards

#### 1.   Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move

for dismissal due to a lack of personal jurisdiction.   When a defendant does so, "the

plaintiff bears the burden of establishing that jurisdiction is proper."   *Mavrix Photo,*

*Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).   As in this

case, when an evidentiary hearing is not held, while the plaintiff cannot rest on the

allegations of its complaint, uncontroverted allegations may be taken as true.

Further, a court cannot take as true allegations that are contradicted by affidavit, but

factual disputes are to be resolved in the plaintiff's favor.   *Id*.

#### 2.   Pro Se Status

Because Abuhindi is proceeding pro se, the Court liberally construes his

filings.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   With that in mind,

"[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to

---

[3]The second letter and opposition contain no explanation for why Abuhindi did not file the same by the April 8, 2022 deadline.  *See generally* Dkt. No. 17.   Nonetheless, because the second letter does nothing to alter the analysis herein, the Court opts not to strike the same from the record.
[4]As of the date of this Order, although Abuhindi purports to have served summons on Turkish Airlines (Dkt. No. 10), Turkish Airlines has not appeared in this case.

amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

(9th Cir. 1995).   A court may, however, deny leave to amend due to undue delay,

failure to cure deficiencies by amendments previously allowed, or where further

amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir.

2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## IV.    Discussion

Gulf Air argues that this case should be dismissed because: (1) there is a lack

of subject matter jurisdiction; (2) there is a lack of personal jurisdiction; (3) venue is

improper; (4) process and service of process were insufficient; and (5) the

Complaint fails to state a claim for relief.

At this stage of proceedings and in light of Abuhindi's pro se status, the Court

finds Gulf Air's argument with respect to personal jurisdiction to be the most clear

and direct deficiency with respect to the allegations in the Complaint.   Therefore,

the Court addresses that argument alone in this Order.[5]

In the motion to dismiss, Gulf Air asserts that it does not have a physical

presence in Hawaiʻi, does not conduct operations in Hawaiʻi, and is headquartered in

Bahrain.   Dkt. No. 8 at 18.   Gulf Air argues, as a result, due process would be

offended if this Court exercised personal jurisdiction over it.   *Id*. at 18-19.   As

more fully discussed below, the Court agrees.

---

[5]By doing so, nothing herein should be construed as assessing the merits of Gulf Air's other arguments.

The U.S. Supreme Court has explained that personal jurisdiction encompasses two distinct concepts: (1) general personal jurisdiction; and (2) specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779-80 (2017). Here, the Complaint alleges neither.

First, the "paradigm" forums for the exercise of general personal jurisdiction over a corporation are its place of incorporation and principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, the Complaint appears to allege that Gulf Air is incorporated in New York and has a principal place of business in Bahrain.[6] Neither, in other words, is Hawai'i. Therefore, in light of these alleged facts, and Abuhindi's failure to provide any other reason why the Court should look to Hawai'i as Gulf Air's "home," the Court finds that there is no general personal jurisdiction over Gulf Air here. *See id.*

Second, in order to exercise specific personal jurisdiction over a defendant, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself" of the forum. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018). Additionally, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]"

---

[6]In the Declaration, Gulf Air asserts that it is incorporated in Bahrain. Dkt. No. 8-1 at ¶ 3. Whatever the case, it makes no difference to the Court's analysis, given that neither Bahrain nor New York is Hawai'i.

Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Id.*

Here, the Complaint does not allege *any* Hawai'i-related activities of any type.[7]   Rather, *all* of the alleged activities in this case took place in Istanbul, Bahrain, or wherever it is that Turkish Airlines and/or Gulf Air made the decisions to cancel Abuhindi's flights.   Moreover, even if Abuhindi had purchased his plane tickets in Hawai'i−the only possible activity that may have occurred in this forum−it would not change the analysis because Abuhindi does not allege that any claims he may bring arise out of or relate to the *purchase* of those tickets.   Instead, his claims, if any, arise out of the alleged cancellation of his flight from Istanbul to Bahrain−something that is entirely unrelated to the underlying purchase of the tickets.   In addition, Abuhindi does not even allege that he purchased the tickets from Gulf Air; rather, he alleges that he purchased them via Turkish Airlines.   *See Freestream Aircraft*, 905 F.3d at 603 (explaining that a defendant must *purposefully direct* its activities at the forum).   In this light, the Complaint fails to establish specific personal jurisdiction over Gulf Air.

With neither basis for exercising personal jurisdiction over Gulf Air having been met, the motion to dismiss (Dkt. No. 8) is GRANTED on that ground.

---

[7]In the second letter, Abuhindi states that he bought both of the tickets for his original flights in Hawai'i.   Dkt. No. 17 at 2.   As discussed below, even if this was true and had been alleged in the Complaint, which it was not, it would make no difference to the Court's analysis.

However, because it is not impossible for Abuhindi to correct this deficiency, the Court will allow leave to amend.   Should Abuhindi elect to file an amended complaint, he must allege a basis for this Court to exercise personal jurisdiction over Gulf Air that takes into account the explanations herein about when it is proper to exercise personal jurisdiction over a defendant.

**Abuhindi may have until May 27, 2022 to file an amended complaint that complies with the instructions herein.   Should Abuhindi fail to do so, he is forewarned that Gulf Air will be dismissed as a defendant for lack of personal jurisdiction without further notice.**

V.   <u>Conclusion</u>

To the extent set forth herein, the motion to dismiss, Dkt. No. 8, is GRANTED IN PART.

IT IS SO ORDERED.

Dated: May 6, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge