IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAITHAM ABUHINDI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TURKISH AIRLINES,<br><br>　　　　Defendant. | CIV. NO. 22-00034 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT GULF AIR'S MOTION FOR AWARD OF ATTORNEYS' FEES AGAINST PLAINTIFF MAITHAM ABUHINDI |

**FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT GULF AIR'S MOTION FOR AWARD OF ATTORNEYS'
FEES AGAINST PLAINTIFF MAITHAM ABUHINDI**

Before the Court is *Defendant Gulf Air's Motion for Award of Attorneys' Fees Against Plaintiff Maitham Abuhindo* ("*Motion*"), filed on July 13, 2022. ECF No. 23. Defendant requests $17,685.00 in attorneys' fees for work performed in defending this case. The Court elects to decide this *Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. The Court, having carefully considered the *Motion*, record in this case and applicable law, **FINDS** and **RECOMMENDS** that the *Motion* be **DENIED**.

# BACKGROUND

On January 21, 2022, Plaintiff Maitham Abuhindi ("Plaintiff") filed a Complaint for a Civil Case ("Complaint") against Defendants Turkish Airlines and Gulf Air to recover alleged damages related to cancelled flights. ECF No. 1. On February 23, 2022, Defendant Gulf Air filed a *Motion to Dismiss Complaint for (1) Lack of Proper Service and (2) for Lack of Jurisdiction Pursuant to Rule 12(b)(1) to (6)*. ECF No. 8. On May 6, 2022, the district court issued its Order (1) Granting in Part Defendant Gulf Air's Motion to Dismiss, and (2) Dismissing Complaint with Leave to Amend. ECF No. 18. Plaintiff was granted leave to amend the Complaint by May 27, 2022. *Id.* However, Plaintiff failed to file an amended Complaint the deadline, and Defendant Gulf Air was dismissed without prejudice from this case for lack of personal jurisdiction. ECF No. 19.

On June 27, 2022, Plaintiff submitted a letter to the court requesting to dismiss his case (ECF No. 21), which the district court construed as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (ECF No. 22). The district court approved the dismissal of this case and directed the Clerk's Office to close this case. ECF No. 22. No judgment was entered.

On July 13, 2022, Defendant Gulf Air filed the *Motion* presently before the Court. ECF No. 23. On October 31, 2022, after careful review, the Court found that the *Motion* failed to establish that Defendant Gulf Air is the prevailing party in

this case under Haw. Rev. Stat. § 607-14 such that Defendant Gulf would be entitled to its attorneys' fees and costs. ECF No. 25. As such, Defendant Gulf Air was given until November 15, 2022 to either file a supplemental of no longer than 5 pages addressing this issue or to withdraw its *Motion*. *Id*. Plaintiff was given until November 22, 2022 to file any opposition. *Id*. Defendant failed to file a supplemental, and Plaintiff failed to file a timely opposition.

## DISCUSSION

"Under Hawaii law, '[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement.'" *Sheehan v. Centex Homes*, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011) (quoting *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawaiʻi 286, 305, 141 P.3d 459, 478 (2006)) (citation omitted). Defendant Gulf Air requests attorneys' fees pursuant to Haw. Rev. Stat. § 607-14 in the amount of $17,685.00 for work performed in defending this case. Under this statute:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing

> party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.  In order to award any attorneys' fees under this statute, the Court must determine whether:

> (1) The action is in the nature of assumpsit or an action on a promissory note or other contract in writing that provides for an attorney's fee; (2) the moving party is the prevailing party; (3) the fees requested are reasonable; and (4) the fees do not exceed twenty-five percent of the judgment.

*Sheehan*, 853 F. Supp. 2d at 1038.  In this case, the Court is unable to find that Defendant has established that it is a prevailing party for purposes of attorneys' fees under Haw. Rev. Stat. § 607-14.

In the *Motion*, Defendant Gulf Air cites Haw. Rev. Stat. § 607-14 and quotes Hawaii case law without any argument supporting the authority cited.  Defendant Gulf Air states as follows:

> The instant breach of contract action is an "action [ ] in the nature of assumpsit" for which the prevailing party may recover attorneys' fees from the losing party.

ECF No. 23 at PageID.234 (quoting *Schulz v. Honsador, Inc.*, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984)).  This is the only portion of the *Motion* that discusses the "prevailing party" requirement.  On October 31, 2022, the Court provided Defendant Gulf Air with the opportunity to supplement the *Motion* with supporting argument regarding its "prevailing party" status in light of there being no judgment

and the voluntary dismissal was without prejudice. ECF No. 25. However, Defendant Gulf Air was unresponsive and did not comply with the Court's order.

It is well established under Hawaii law that "a defendant who succeeds in obtaining a <u>judgment</u> of dismissal is a prevailing party for the purpose of fees under HRS § 607-14." *Blair v. Ing*, 96 Hawaiʻi 327, 331, 31 P.3d 184, 188 (2001) (citing *Wong v. Takeuchi*, 88 Hawaiʻi 46, 49, 961 P.2d 611, 614 (1998)) (citations omitted) (emphasis added). In addition, "a voluntary dismissal <u>with prejudice</u> is sufficient to deem a defendant to be the prevailing party under [Haw. Rev. Stat. § 607-14]." *Sheehan*, 853 F. Supp. 2d at 1039. However, as this Court explained in its October 31, 2022 entering order, the law is not clear whether a party is considered a prevailing party under Haw. Rev. Stat. § 607-14 where there is a voluntary dismissal <u>without</u> prejudice and <u>no judgment</u> is issued. *See* ECF No. 25. "[A] number of jurisdictions have concluded that the defendant is the prevailing party and thus entitled to fees [even] in cases where the plaintiff files and later withdraws the claims." *Blair*, 96 Hawaiʻi at 331, 31 P.3d at 188 (citing *Survivors of Iida v. Oriental Imports, Inc.*, 84 Hawaiʻi 390, 935 P.2d 105 (App. 1997)) (citation omitted). On the other hand, other jurisdictions[1] have found "that a

---

[1] While discussing a request for attorneys' fees and prevailing party status under 42 U.S.C. § 1988, the Seventh Circuit found that "[a] dismissal without prejudice under Rule 41(a)(1)(i) does not decide the case on the merits. The plaintiff may refile the complaint . . . The defendant remains at risk. A dismissal under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the

dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party as basis for statutory attorneys' fees award in a contract can be stated with certainty." *Blair*, 96 Hawaiʻi at 331, 31 P.3d at 188 (citing *Burnette v. Perkins & Assoc.*, 343 Ark. 237, 33 S.W.3d 145, 149-50 (2000)). In fact, the Hawaii Supreme Court has noted that "[c]ourts have . . . concluded that a dismissal without prejudice does not alter the legal relationship of the parties 'because the defendant remains subject to risk of re-filing.'" *Liliha Professional Building, LLC v. Nada, Ono, Kaanehe, Solomon & Hayashi LLP*, 152 Hawaiʻi 1, 518 P.3d 324 (Ct. App. 2022) (citing *Oahu Publications, Inc. v. Abercrombie*, 134 Hawaiʻi 16, 26, 332 P.3d 159, 169 (2014)) (citation omitted). Ambiguity exists because Plaintiff's case was dismissed without prejudice, and there is no judgment in this case.

## CONCLUSION

Defendant Gulf Air's briefing in its *Motion* fails to make any supporting argument that it is the prevailing party and thus entitled to its attorneys' fees. Despite given leave to supplement its position, Defendant Gulf Air elected not to respond to this Court's October 31, 2022 Entering Order (ECF No. 25) and elected not to supplement its *Motion*. Accordingly, the Court construes Defendant Gulf

---

defendant to say that he has 'prevailed.'" *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-1077 (7th Cir. 1987).

Air's unresponsiveness as a concession that they are not entitled to fees.

Defendant Gulf Air's request for attorneys' fees should thus be **DENIED**.

    IT IS SO FOUND AND RECOMMENDED.

    DATED: Honolulu, Hawaii, January 26, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00034 DKW-RT; *Maitham Abuhindi vs. Turkish Airlines*; Findings and Recommendation to Deny Defendant Gulf Air's Motion for Award of Attorneys' Fees Against Plaintiff Maitham Abuhindi